UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS

_____
                                    )
**VERA BROWN-MORRISON,**            )
                                    )
              Plaintiff,            )      Civil Action No.
                                    )      17-12192-FDS
         v.                         )
                                    )
**KATIE JACOBS, SUSAN ABBOTT, and** )
**VINFEN CORPORATION,**             )
                                    )
              Defendants.           )
_____ )


              ORDER ON DEFENDANT SUSAN ABBOTT'S
          MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

**SAYLOR, J.**

This is an action for workplace discrimination. Plaintiff Vera Brown-Morrison, a black woman who practices Pentecostalism, alleges that defendants Vinfen Corporation, her former employer; Katherine Sharby,[1] her team leader; and Susan Abbott, the Vice President of Vinfen, violated federal labor law and discriminated against her on the basis of her race and religion. She further alleges that she was retaliated against when she reported those violations to Abbott.

Defendant Susan Abbott has filed a motion to dismiss for failure to state a claim. For the following reasons, that motion will be granted.

**I.    Background**

    **A.    Factual Background**

The following facts are set forth as alleged in the complaint.

Plaintiff Vera Brown-Morrison is a black woman who practices Pentecostalism. (Compl.

---

[1] Katherine Sharby is identified in the complaint as Katie Jacobs.

Ex. B ¶ 1). She began working for Vinfen on February 14, 2011, as a Community Integration Coordinator. (*Id.*). In November 2013, Sharby was hired as Brown-Morrison's team leader. (*Id.* Ex. B ¶ 2).

The complaint alleges that Sharby "continuously targeted members of [Brown-Morrison's] team who[] [were] not white by constantly switching their work assignments and clients around as well as delegating licensed caseloads to unlicensed practitioners." (*Id.*).

The complaint further alleges that from December 2013 to May 2014 Sharby organized mandatory trainings that occurred during lunch and required employees to eat during the training. (*Id.* Ex. B ¶ 4). Brown-Morrison "felt very uncomfortable" with that because, in accordance with Pentecostalism, she and three other co-workers on her team were fasting for 30-40 days around the Easter holiday. (*Id.*).

On October 6, 2014, Brown-Morrison sent an email to Abbott, expressing her concerns that Sharby was giving her, an unlicensed practitioner, work assignments that required a license. (*Id.* Ex. B ¶ 5). She told Abbott in the email that she "felt uncomfortable doing these duties as [she was] not qualified and spoke about [Sharby's] unprofessional behavior towards [her] because of [her] race." (*Id.*). According to the complaint, she never heard back from Abbott. (*Id.*).

The complaint alleges that Sharby reprimanded Brown-Morrison and other employees, who were again fasting for religious reasons, in November 2014 for not attending a potluck prior to another training. (*Id.* Ex. B ¶ 6). It further alleges that Brown-Morrison unsuccessfully attempted to transfer to other positions or another team. (*Id.* Ex. B ¶ 7).

The complaint alleges that on February 12, 2015, Brown-Morrison received a Corrective Action form, and that Sharby fabricated all five clients mentioned on the form in order to accuse

Brown-Morrison of failing 25% of the time. (*Id.* Ex. B ¶ 8). Furthermore, it alleges that she was issued the Corrective Action form in retaliation for complaining to Abbott. (*Id.*).

### B. Procedural Background

Brown-Morrison filed this action on November 7, 2017. The complaint alleges violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*; violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*; and violation of Massachusetts labor laws, Mass. Gen. Laws ch. 151B, § 4.

Defendant Susan Abbott filed a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) on May 14, 2018. Defendants Vinfen and Katherine Sharby filed a motion to dismiss for insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5) on June 4, 2018.

Brown-Morrison did not oppose those motions. On July 13, 2018, the Court ordered Brown-Morrison to show cause why the case should not be dismissed. She filed a response to that order on August 31, 2018.

On September 7, 2018, the Court granted the motion of Vinfen and Sharby and dismissed all claims as to them.

## II. Standard of Review

On a motion to dismiss, the Court "must assume the truth of all well-plead[ed] facts and give . . . plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)). To survive a motion to dismiss, the complaint must state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations and footnote

omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556). Dismissal is appropriate if the facts as alleged do not "possess enough heft to sho[w] that [plaintiff is] entitled to relief." *Ruiz Rivera v. Pfizer Pharm., LLC*, 521 F.3d 76, 84 (1st Cir.2008) (alterations in original) (quoting *Clark v. Boscher*, 514 F.3d 107, 112 (1st Cir. 2008)) (internal quotation marks omitted).

### III. Analysis

#### A. Title VII

Title VII of the Civil Rights Act of 1964 does not provide for individual liability for claims of discrimination or retaliation. *Fantini v. Salem State College*, 557 F.3d 22, 28-31 (1st Cir. 2009) ("[W]e find that 'Title VII addresses the conduct of employers only and does not impose liability on co-workers.' . . . Consequently, we find that there is no individual employee liability under Title VII." (quoting *Powell v. Yellow Book U.S.A., Inc.*, 445 F.3d 1074, 1079 (8th Cir. 2006))). Therefore any Title VII claim against Abbott will be dismissed.

#### B. Labor Laws

As to any claim under the Fair Labor Standards Act ("FLSA") or Mass. Gen. Laws ch. 151B, the complaint fails to allege any activity taken by Abbott that would amount to a violation. It was Sharby who allegedly required Brown-Morrison to work through her lunch break and discriminated against her on the basis of her race and religion. *See* 29 U.S.C. § 207; Mass. Gen. Laws ch. 151B § 4 ¶ 1. At most, the complaint alleges that Abbott was aware of Sharby's actions and did nothing. That is not enough to state a plausible claim for relief under federal or state law. Brown-Morrison's response to the Court's order to show cause does not contain any additional allegations as to Abbott. (*See* Pl.'s Response to Ct. Order at 6 (referring to an email that is not attached)). Therefore, any claims under FLSA or Chapter 151B will be dismissed.

## IV.  Conclusion

For the foregoing reasons, defendant Susan Abbott's motion to dismiss is GRANTED.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor, IV
Dated:  September 10, 2018					United States District Judge